IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| LEVERETT FINANCIAL, LTD. | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. _____ |
| | § | |
| ADMIRAL INSURANCE GROUP, LLC | § | |
| | § | |
| Defendant. | § | |

## ADMIRAL INSURANCE COMPANY'S
## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

Pursuant to 28 U.S.C. §§ 1441 and 1446, Admiral Insurance Company (incorrectly named as Admiral Insurance Group, LLC), Defendant in Cause No. 106773-D-CV in the 320th Judicial District Court of Potter County, Texas (the "State Court Suit"), files this Notice of Removal from that court to the United States District Court for the Northern District of Texas, Amarillo Division, on the basis of diversity of citizenship and would respectfully show as follows:

### I. Background

1. On or about September 19, 2017, Plaintiff filed its Original Petition in the State Court Suit, claiming breach of contract in that it allegedly did not receive sufficient proceeds under its commercial property insurance policy with Admiral for damages received as a result of hail/wind storms on or about May 10 and June 8, 2017.

2. Admiral has not yet been served as of the filing of this notice of removal.

3. Pursuant to 28 U.S.C. §1446(b), Admiral removes the case within 30 days of receipt of the initial pleading.

4.     All pleadings, process, orders, and all other filings in the state court action are attached to this notice as required by 28 U.S.C. §1446(a).

5.     Venue is proper in this district under 28 U.S.C. §1441(a) because this district and division embrace the place in which the removed action was pending.

6.     Admiral will promptly file a copy of this notice of removal with the clerk of the state court in which the action has been pending, and give written notice of the filing to Plaintiff.

7.     Plaintiff demanded a jury in the state court action.

## II. Basis for Removal

8.     The amount in controversy exceeds $75,000, exclusive of interest, costs, and attorney fees. In determining the amount in controversy, the court may consider "policy limits... penalties, statutory damages, and punitive damages."[1]

9.     Plaintiff alleges that as a result of the conduct of the Defendant it did not receive sufficient proceeds of the Admiral policy as necessary to compensate the loss. The Admiral policy at issue covers eighteen buildings, each with its own separate coverage limit, and those limits combined total $4,000,004. In addition, Plaintiff's Original Petition alleges that Defendant is liable in breach of contract for actual damages and attorney's fees.[2] Specifically, Plaintiff pleads for "judgment against Defendant within the jurisdictional limits of the court for the amount of the

---

[1] *St. Paul Reinsurance Co., Ltd. v. Greenberg,* 134 F.3d 1250, 1253 (5th Cir. 1998); *see Ray v. State Farm Lloyds,* No. CIV.A.3:98-CV-1288-G, 1999 WL 151667, at * 2-3 (N.D. Tex. 1999) (finding a sufficient amount in controversy in plaintiff's case against their insurance company for breach of contract, fraud, negligence, gross negligence, bad faith, violations of the Texas Insurance Code, violations of the Texas Deceptive Trade Practices Act, and mental anguish); *Fairmont Travel, Inc. v. George S. May Int'l Co.*, 75 F. Supp. 2d 666, 668 (S.D. Tex. 1999) (considering DTPA claims and the potential for recovery of punitive damages for the amount in controversy determination); *Chittick v. Farmers Ins. Exch,* 844 F. Supp. 1153, 1155 (S.D. Tex. 1994) (finding a sufficient amount in controversy after considering the nature of the claims, the types of damages sought and the presumed net worth of the defendant in a claim brought by the insureds against their insurance company for actual and punitive damages arising from a claim they made for roof damages).

[2] *See Plaintiff's Original Petition*, a true and correct copy of which is attached hereto and incorporated as though fully set forth herein.

loss, plus reasonable and necessary attorneys' fees pursuant to §38.001 of the Texas Civil Practice and Remedies Code, plus prejudgment and post-judgment interest as provided by law and costs of court, and for such other relief to which Plaintiff may be entitled." The public adjuster retained by the Plaintiff provided an estimate of Plaintiff's damages putting the net claim at $470,070.64, **a copy of which is attached hereto as Exhibit "A."** The investigator assigned by Admiral on the other hand provided an estimate putting the net claim at $307,557.12, a copy of which is attached hereto as **Exhibit "B."** Admiral paid that amount by check dated July 31, 2017, a copy of which is attached hereto as **Exhibit "C."** Thus, the amount in controversy is $162,513.52, plus claimed attorney's fees and interest – well above the jurisdictional requirement of $75,000.

10.   Removal is proper because there is complete diversity between the parties.[3] Plaintiff is, and was at the time the lawsuit was filed, a citizen of Texas for diversity purposes, having its principal place of business in Texas at the time of filing in state court and at the time of removal to federal court and being organized as a limited partnership under the laws of Texas at the time of filing in state court and at the time of removal to federal court. The only partner listed in any filing with the State of Texas is general partner J. Lev Corp., also a citizen of Texas for diversity purposes, having its principal place of business in Texas at the time of filing in state court and at the time of removal to federal court and being organized as a corporation under the laws of Texas at the time of filing in state court and at the time of removal to federal court.  Admiral is, and was at the time the lawsuit was filed, a citizen of Delaware and Arizona for diversity purposes, having its principal place of business in Arizona at the time of filing in state court and at the time of removal to federal court and being incorporated under the laws of Delaware at the time of filing in state court and at the time of removal to federal court.

---

[3]   28 U.S.C. § 1332(a); *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

### III. Conclusion

11. Based upon the foregoing, the exhibits submitted in support of this Removal, and other documents filed contemporaneously with this Notice of Removal and fully incorporated herein by reference, Defendant Admiral hereby removes this case to this court for trial and determination.

Respectfully submitted,

RYMER, MOORE, JACKSON & ECHOLS, P.C.

By:_____
   Nathan M. Rymer
   State Bar No. 00792814
   Federal I.D. No. 18902
   nrymer@rmjelaw.com

By:_____
   David Clay Wilkerson
   State Bar No. 24010480
   Federal I.D. No. 2413
   cwilkerson@rmjelaw.com
   2801 Post Oak Blvd., Suite 250
   Houston, Texas 77056
   Telephone: (713) 626-1550
   Facsimile:  (713) 626-1558

ATTORNEYS-IN-CHARGE FOR DEFENDANT
ADMIRAL INSURANCE COMPANY

### CERTIFICATE OF SERVICE

I hereby certify that I have caused a true and correct copy of the foregoing instrument to be served upon the following counsel of record herein by method indicated on this **29th** day of **September, 2017.**

| | |
|---|---|
| Mr. J. Daren Brown<br>STOCKARD JOHNSTON BROWN, P.C.<br>1800 S. Washington, Suite 307<br>Amarillo, Texas 79105<br>*Attorney for Plaintiff* | *Via Electronic Filing* |

_____
David Clay Wilkerson